UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY RUSSELL, on behalf of
himself and all other persons similarly
situated known and known,

    Plaintiff,

v.

HAPPY'S PIZZA FRANCHISE, LLC, et al.,

    Defendants.
    _____/

File No. 1:12-CV-323

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Plaintiff Courtney Russell's complaint alleges that the defendants have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay overtime wages for hours worked in excess of forty hours per week. This matter is before the Court on the motion for summary judgment filed by two of the defendants – Happy's Pizza Franchise, LLC and Happy Asker, the owner of the franchise (collectively, the "Franchisor Defendants"). (Dkt. No. 22.) Also before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 56(d), for leave to conduct certain discovery required to respond to the Franchisor Defendants' motion for summary judgment. For the reasons that follow, the Franchisor Defendant's motion will be denied without prejudice, and Plaintiff's motion will be granted.

**I.**

In 2010, a class action lawsuit commenced in the Northern District of Illinois against

Happy's Pizza, Asker, and two franchisee corporations located in Chicago. The class consisted of 254 employees from 49 franchisees. Upon plaintiffs' motion, the district court granted partial decertification, breaking the class of plaintiffs into subclasses based on the district in which each plaintiff worked. *See Medina v. Happy's Pizza Franchise, LLC*, No. 10 C 3148, 2012 WL 379751 (N.D. Ill. Feb. 3, 2012). As part of this decertification, the claims of twenty-five plaintiffs (represented by Plaintiff in this case) were transferred to the Western District of Michigan.

Plaintiff proceeded to add four Western Michigan franchisees – Lansing #33, Inc., H T Cedar-Miller/Lansing, Inc., HP Grand Rapids–ID #40, Inc., and HR Wyoming–ID #41, Inc. – as defendants ("Franchisee Defendants").

## II.

Rule 56(d) provides that the Court may grant leave for more discovery under the following scenario:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

## III.

Plaintiff contends that more discovery is necessary to show that the Franchisor

Defendants are employers (and thus liable under the FLSA). The FLSA defines employers as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). The Franchisor Defendants counter that Plaintiff's showing under Rule 56(d) is insufficient because: (1) Plaintiff has all the information he needs; (2) Plaintiff is seeking irrelevant information; and (3) Plaintiff's motion and affidavit are deficient.

A. Needed Information

The Franchisor Defendants argue that Plaintiff is already in possession of over 16,000 pages of documents as a result of discovery in the Illinois litigation. These documents include the Franchise Agreement, which sets forth the rights, duties, and obligations of Happy's Pizza Franchise and the franchisee corporations, documents setting forth the officers, directors, members, and shareholders of the franchisee corporations, and documents showing all payroll and employment data for all members of the class represented by Plaintiff. The Franchise Agreement, in particular, provides that:

> [Franchisee Corporation] must hire all employees for the Franchise Business [and] be *exclusively* responsible for the terms of employment and compensation . . . .

(Dkt. No. 22, Ex. 1, Franchise Agmt. art. 8.8 (emphasis added).) This provision explicitly prohibits the Franchisor Defendants from exerting control over the wages and hours of franchisee employees, meaning that the Franchisor Defendants are not employers within the meaning of the FLSA, at least *on paper*.

However, Plaintiff is entitled to test whether the prohibition of control espoused in the Franchise Agreement existed in reality. "In deciding whether a party is an employer, 'economic reality' controls rather than common law concepts of agency." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.*

Because all of the discovery that has taken place in the Illinois litigation has been related to the class certification issue, and no discovery has taken place as to the economic realities of the relationship between the Franchisor Defendants and the franchisee employees, Plaintiff lacks all the information he needs.

**B. Relevance**

The Franchisor Defendants also argue that the information Plaintiff seeks to discover is irrelevant. However, this argument relies entirely on the provision of the Franchise Agreement quoted above. As stated, the Franchise Agreement is not dispositive to the issue of whether any control was actually exercised by the Franchisor Defendants. While it is true that absent special circumstances franchisors and their shareholders are not liable for the FLSA violations of their franchisees, discovery by Plaintiff to see if such special circumstances existed in this case would be relevant.

**C. Deficiencies**

The Franchisor Defendants also point out two alleged deficiencies in Plaintiff's motion: (a) untimeliness and (b) failure to state what material facts may be uncovered in discovery.

As for timeliness, the Franchisor Defendants point out that despite this litigation having been ongoing since 2010, Plaintiff has neglected to take any discovery on the employer issue. They cite *Jackson v. International Fiber Corp.*, 395 F. App'x 275, 280 (6th Cir. 2010), which held that "a request for relief under [Rule 56(d)] is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery."

The Franchisor Defendants' argument is unconvincing. While litigation has been ongoing since 2010, the majority of that time (and the discovery undertaken) focused on class certification which was not completed until August 2011. The present matter was not transferred to the Western District of Michigan until March 27, 2012. While some months have passed since then, this Court has not entered a discovery schedule. Moreover, the Franchisee Defendants did not answer Plaintiff's complaint until August 3, 2012, *after* the Franchisor Defendants moved for summary judgment.[1] Thus, because Plaintiff filed his Rule 56(d) motion on July 5, 2012, before all the parties were before the Court and only three months after the matter was transferred, it cannot be said that Plaintiff has unduly delayed

---

[1] While the Franchisor Defendants are correct to point out that they have been parties to this litigation the entire time, that does not mean that the delayed presence of the Franchisee Defendants before the Court did not affect Plaintiff's ability to conduct discovery as to the operational control exerted over these franchisees by Happy's Pizza Franchise and Asker.

5

conducting merits-based discovery.

As for the second argument of deficiency, a motion under Rule 56(d) may be properly denied where the requesting party "makes only general and conclusory statements [] regarding the need for more discovery." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004). "[A] request to stay summary judgment under [Rule 56(d)] must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

The Franchisor Defendants are correct that Plaintiff has not set forth any reason for the Court to believe that the information he seeks will reveal that the Franchisor Defendants actually exercised control over wages. Nevertheless, Plaintiff is not required to do so. Instead, Plaintiff is only required to identify with specificity what information he will seek through discovery, and Plaintiff has fully complied with this requirement. Instead of making general, conclusory statements about the need for more discovery, he has identified the specific information he will seek. (*See* Dkt. No. 24, ¶ 14.) For example, Plaintiff specifies that he will seek documents showing all possible positions Asker has held in the Franchisee Defendants along with his accompanying duties and responsibilities. (Dkt. No. 24, ¶ 14(e).) This discovery request centers on the degree of operational control Asker exercised, which

is key to the employer question. Additionally, Plaintiff seeks information regarding who controls the payroll records, the procedures for reporting hours and wages, and reports sent back and forth between the Franchisee Defendants and the Franchisor Defendants. These are all examples of Plaintiff seeking specific information that relates to the motion.

**IV.**

Consequently, the Court will grant Plaintiff's Rule 56(d) motion for leave to conduct certain discovery required to respond to the Franchisor Defendants' motion for summary judgment. Additionally, the Court will deny the Franchisor Defendants' motion without prejudice. Following the limited discovery period, the Franchisor Defendants may re-file their motion for summary judgment.

An order consistent with this opinion will be entered.


Dated: January 16, 2013              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE